**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Evodio MORALES–HERNANDEZ,**
**Defendant–Appellant.**

**No. 11–10519.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2013.*

Filed June 17, 2013.

Matthew G. Eltringham, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Rene Antonio Felix, R. Antonio Felix, Esq., Tucson, AZ, for Defendant–Appellant.

Before: HAWKINS, McKEOWN, and BERZON, Circuit Judges.

MEMORANDUM ***

Evodio Morales–Hernandez appeals *from the district court's judgment and* challenges his 51–month sentence imposed following his guilty-plea conviction for reentry after deportation, in violation of 8

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Morales–Hernandez contends that his counsel provided ineffective assistance by failing to cite relevant case law or brief an argument supporting a potential departure or variance based on the staleness of his criminal history. We decline to review Morales–Hernandez's ineffective assistance of counsel claims on direct appeal because this is not one of the "unusual cases where (1) the record on appeal is sufficiently developed to permit determination of the issue, or (2) the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *See United States v. Rahman,* 642 F.3d 1257, 1259–60 (9th Cir. 2011). We therefore leave open the possibility that Morales–Hernandez might raise an ineffective assistance of counsel claim in collateral proceedings. *See id.*

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.